```
             UNITED STATES DISTRICT COURT
                     FOR THE
              DISTRICT OF MASSACHUSETTS
```

```
* * * * * * * * * * * * * * *
                              *
MARK BOMBARD,                 *
    Plaintiff,                *
                              *
vs.                           *    CIVIL ACTION
                              *    No. 05-11389REK
SHUSTER CORPORATION and       *
RDA CONSTRUCTION CO., INC.,   *
    Defendants.               *
                              *
                              *
* * * * * * * * * * * * * * *
```

### ANSWER AND JURY CLAIM OF THE DEFENDANT, SHUSTER CORPORATION, TO THE PLAINTIFF'S COMPLAINT

The defendant, Shuster Corporation, in the above-captioned matter, hereby makes this its answer to the plaintiff's complaint.

### FIRST DEFENSE

### The Parties and Jurisdiction

1.  The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and calls upon the plaintiff to prove the same.

2.  The defendant admits the allegations contained in paragraph 2.

3.  The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and calls upon the plaintiff to prove the same.

4.  Paragraph 4 calls for a legal conclusion and therefore no response is required.

WHEREFORE, the defendant demands that the plaintiff's complaint against it be dismissed and that judgment enter for the defendant, together with its costs.

## COUNT II(sic)
### Mark Bombard v. RDA Construction Co., Inc.

Paragraphs 5 through 9 of Count II(sic) are not directed to this defendant and therefore do not require a response; however, in the event that these paragraphs are read to be applicable to Shuster Corporation, the defendant denies the allegations contained therein.

## COUNT II
### Mark Bombard v. Shuster Corporation

10.  The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of Count II and calls upon the plaintiff to prove the same.

11.  The defendant denies the allegations contained in paragraph 11 of Count II.

12.  Paragraph 12 of Count II calls for a legal conclusion and therefore no response is required.

13.  The defendant denies the allegations contained in paragraph 13 of Count II.

14.  The defendant denies the allegations contained in paragraph 14 of Count II.

WHEREFORE, the defendant demands that the plaintiff's complaint against it be dismissed and that judgment enter for the defendant, together with its costs.

### SECOND DEFENSE

And further answering, the defendant says that the acts complained of were not committed by a person and/or entity for whose conduct the defendant was legally responsible.

### THIRD DEFENSE

And further answering, the defendant says that if the plaintiff proves that the defendant was negligent as alleged, the plaintiff was negligent to a greater degree than the defendant and is barred from recovery under the theory of Comparative Negligence.

### FOURTH DEFENSE

And further answering, the defendant says that the cause of

action is barred by reason of the Statute of Limitations.

### FIFTH DEFENSE

And further answering, the defendant says that the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process.

### SIXTH DEFENSE

And further answering, the defendant says that the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

### SEVENTH DEFENSE

And further answering, the defendant says that the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, insofar as the plaintiff has failed to give notice of any claim as required by law, and the defendant was thereby prejudiced, wherefore the plaintiff is barred from recovery.

### EIGHTH DEFENSE

And further answering, the defendant says that if the plaintiff proves that there was any defect in the subject premises, said defect was open and obvious and the plaintiff is therefore barred from recovery.

### NINTH DEFENSE

And further answering, the defendant says that if the plaintiff proves that there was any defect in the subject premises, said defect was de minimis and the plaintiff is therefore barred from recovery.

### TENTH DEFENSE

And further answering, the defendant says that the property where the plaintiff was injured was not in the control of the defendant at the time of the accident.

### ELEVENTH DEFENSE

And further answering, the defendant states that it had no duty to the plaintiff, wherefore the plaintiff is barred from recovery.

## TWELFTH DEFENSE

And further answering, the defendant says that to the extent that it had any obligations to the plaintiff, such obligations have been fully, completely and properly performed in every respect.

## THIRTEENTH DEFENSE

And further answering, the defendant says that no notice of the alleged breaches was given the defendant as required by law, and the defendant was thereby prejudiced.

## FOURTEENTH DEFENSE

And further answering, the defendant says that if the plaintiff can prove that the subject property was defective and dangerous as alleged, then plaintiff unreasonably proceeded to use property which he knew to be defective and dangerous, and that conduct was a cause of his injury and/or damage, and he is therefore barred from recovery.

## FIFTEENTH DEFENSE

And further answering, the defendant says that the plaintiff is barred from any recovery because defendant did not have actual knowledge of any alleged defect and/or dangerous condition.

## SIXTEENTH DEFENSE

And further answering, the defendant says that the plaintiff is barred from any recovery because any alleged defect and/or dangerous condition was not present long enough for defendant to have known of same, and there is no factual basis to support a conclusion that defendant should have known of same.

## SEVENTEENTH DEFENSE

And further answering, the defendant says that the plaintiff is barred from recovery as against defendant because defendant did not have a reasonable opportunity to be informed of any alleged defect and/or dangerous condition, or to remedy same.

## EIGHTEENTH DEFENSE

And further answering, the defendant says that the plaintiff's claims for damages against the defendant should be barred insofar as the plaintiff did not mitigate his alleged damages.

### NINETEENTH DEFENSE

And further answering, the defendant says that at the time of his alleged injury, the plaintiff was not a seaman or doing work traditionally reserved to seamen and therefore is not entitled to the benefits of the Jones Act.

### TWENTIETH DEFENSE

And further answering, the defendant says that the subject barge was not a vessel within the meaning of the Jones Act, wherefore the plaintiff is not entitled to recover.

### TWENTY-FIRST DEFENSE

And further answering, the defendant says that pursuant to 33 U.S.C. 901, et. Seq., as amended the plaintiff's exclusive remedy is under the Longshoreman's and Harbor Worker's Compensation Act, wherefore, the plaintiff is barred from recovery in this action.

### TWENTY-SECOND DEFENSE

And further answering, the defendant says that the subject barge was not in navigable waters at the time of the alleged injury to the plaintiff.

### JURY CLAIM

THE DEFENDANT HEREBY MAKES CLAIM FOR A TRIAL BY JURY.

By its attorneys,

*Megan E. Kures*

Richard J. Shea
BBO #456310
Megan E. Kures
BBO #652485
MELICK, PORTER & SHEA, LLP
28 State Street
Boston, MA 02109-1775
617-523-6200

Date: 8-9-05

CERTIFICATE OF SERVICE

I, Richard J. Shea, hereby certify that on this day, I forwarded notice of the foregoing document(s) by mailing a copy thereof, postage prepaid to the following:

>Joseph G. Abromovitz
>JOSEPH G. ABROMOVITZ, P.C.
>858 Washington Street, 3rd Floor
>Dedham, MA 02026

_Richard J. Shea_
Richard J. Shea

Date: 8-9-05