UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARK BOMBARD<br>   Plaintiff<br>v.<br><br>SHUSTER CORPORATION AND<br>RDA CONSTRUCTION CO., INC.<br>   Defendants | )<br>)<br>)<br>)<br>) C.A. NO. 05-11389-REK<br>)<br>)<br>)<br>)<br>) |

## ANSWER AND CROSS-CLAIM OF DEFENDANT, RDA CONSTRUCTION CO., INC.

### The Parties and Jurisdiction

1. Defendant RDA Construction Co., Inc. ("RDA") is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies same.

2. Defendant RDA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies same.

3. Defendant RDA admits only that on occasion it has employed the plaintiff; RDA denies the remaining allegations of paragraph 3.

4. Paragraph 4 states conclusions of law which require no answer. To the extent any answer is required, RDA denies the same.

### COUNT II (SIC)
### Mark Bombard v. RDA Construction Co., Inc.

5. Defendant RDA admits the allegations contained in paragraph 5.

6. Defendant RDA admits only that on occasion it has employed the plaintiff; RDA denies the remaining allegations of paragraph 6.

7. Paragraph 7 states conclusions of law which require no answer. To the extent any answer is required, RDA denies the same.

8. Defendant RDA denies the allegations contained in paragraph 8.

9. Defendant RDA denies the allegations contained in paragraph 9.

## COUNT II
### Mark Bombard v. Shuster Corporation

10-14. This Count is not directed at defendant RDA and requires no answer by defendant RDA to paragraphs 10-14 inclusive. To the extent any answer is required defendant RDA denies said allegations.

## FIRST AFFIRMATIVE DEFENSE

And answering further as a first separate and affirmative defense, RDA states that if the plaintiff were injured as alleged, which is denied, said injuries were caused or contributed to by the plaintiff's own negligence and, therefore, plaintiff can recover nothing, or, alternatively, any recovery should be reduced by the degree of the plaintiff's own negligence.

## SECOND AFFIRMATIVE DEFENSE

And answering further as a second separate and affirmative defense, RDA states that that if the plaintiff were injured as alleged, which is denied, said injuries were caused by an act or acts of a third person or persons over whom RDA had no knowledge and over which defendant RDA had no control.

## THIRD AFFIRMATIVE DEFENSE

And answering further as a third separate and affirmative defense, RDA states that plaintiff's injuries were caused by the willful misconduct of plaintiff for which said defendant is not responsible.

### FOURTH AFFIRMATIVE DEFENSE

And answering further as a fourth separate and affirmative defense, RDA states that plaintiff's complaint fails to set forth a cause of action against it upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

And answering further as a fifth separate and affirmative defense, RDA states that plaintiff has failed to mitigate his damages.

### SIXTH AFFIRMATIVE DEFENSE

And answering further as a sixth separate and affirmative defense, RDA states that any injury to the plaintiff was caused by an act of God or force majeure.

### SEVENTH AFFIRMATIVE DEFENSE

And answering further as a seventh separate and affirmative defense, RDA claims the protection of the Limitation of Liability provisions of 46 USC § 181 et seq., and FRCP Rule F Supplemental Rules for Certain Admiralty and Maritime Claims and seeks exoneration from liability or limitation of any judgment against it pursuant to said provisions.

### EIGHTH AFFIRMATIVE DEFENSE

And answering further as an eighth separate and affirmative defense, RDA states that the plaintiff is estopped from bringing an action under the Jones Act (46 U.S.C. Sec. 688) in that he has filed Workers Compensation claim No. 2679202 with the Commonwealth of Massachusetts Department of Industrial Accidents.

## NINTH AFFIRMATIVE DEFENSE

And answering further as a ninth separate and affirmative defense, RDA states that the plaintiff, by his actions, has waived any claim for injuries against RDA.

## CROSS-CLAIM OF DEFENDANT RDA CONSTRUCTION CO., INC.  CO-DEFENDANT SHUSTER CORPORATION

1. Defendant, Cross-Claim Plaintiff RDA Construction Co., Inc. ("RDA") is a Massachusetts corporation with its usual place of business in East Boston, Massachusetts.

2. Defendant, Cross-Claim Defendant Shuster Corporation ("Shuster") upon information and belief is a Massachusetts corporation with a usual place of business in New Bedford, Massachusetts.

3. Plaintiff Bombard alleges he was injured on or about August 2, 2002 as a result of RDA's negligence.  RDA denies any negligence on its part.

4. Plaintiff Bombard was injured on a pier owned, controlled, operated and/or maintained by Cross-Claim Defendant Shuster.

5. If the plaintiff Bombard was injured due to the negligence of any third party, which is denied, it was not the negligence of RDA, but the negligence of Shuster in its ownership, control, operation and/or maintenance of said pier and by its failure to provide the plaintiff with a proper means of ingress and egress between its pier and moored vessels.

6. If RDA is found to be responsible in whole or in part for any damages sustained by Bombard arising from his fall on August 2, 2002, RDA under the principles of contribution and/or indemnification is entitled to full reimbursement from Shuster,

including costs and reasonable attorney's fees, for any sums it is ordered to pay Bombard.

WHEREFORE, Defendant, Cross-Claim Plaintiff RDA prays that Defendant, Cross-Claim Defendant Shuster Corporation be ordered to reimburse it for any sums it must pay Bombard plus its costs and reasonable attorney's fees.

**DEFENDANT, CROSS-CLAIM PLAINTIFF RDA DEMANDS TRIAL BY JURY AS TO ITS ANSWER AND CROSS-CLAIM.**

RDA CONSTRUCTION CO., INC.

By its attorneys,

 /s/ Bertram E. Snyder
Bertram E. Snyder (BBO #471320)
Patrick O. McAleer (BBO #642627)
LOONEY & GROSSMAN, LLP
101 Arch Street
Boston, Massachusetts 02110
(617) 951-2800

<u>CERTIFICATE OF SERVICE</u>

  I hereby certify that on this 11th day of November 2005, I served the foregoing Motion to Remove Default and Answer by mailing copies thereof, postage prepaid, to Joseph G. Abromovitz, 858 Washington Street, 3rd Floor, Dedham, Massachusetts and Richard J. Shea, MELNICK, PORTER & SHEA, LLP, 28 State Street, Boston, Massachusetts.

               /s/ Bertram E. Snyder
               Bertram E. Snyder