UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * *
                              *
MARK BOMBARD,                 *
    Plaintiff,                *
                              *
vs.                           *    CIVIL ACTION
                              *    No. 05-11389REK
SHUSTER CORPORATION and       *
RDA CONSTRUCTION CO., INC.,   *
    Defendants.               *
                              *
                              *
* * * * * * * * * * * * * * *
```

### ANSWER, CROSS-CLAIM AND JURY CLAIM OF SHUSTER CORPORATION TO THE CROSSCLAIM OF RDA CONSTRUCTION CO., INC.

The defendant-in-crossclaim, Shuster Corporation, in the above-captioned matter, hereby makes this its answer and cross-claim to the crossclaim of RDA Construction Co., Inc.

#### FIRST DEFENSE

1. The defendant-in-crossclaim is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and calls upon the plaintiff-in-crossclaim to prove the same.

2. The defendant-in-crossclaim admits the allegations contained in paragraph 2.

3. The defendant-in-crossclaim states that the plaintiff's complaint speaks for itself and that no further response is required.

4. The defendant-in-crossclaim denies the allegations contained in paragraph 4.

5. The defendant-in-crossclaim denies the allegations contained in paragraph 5.

6. The defendant-in-crossclaim denies the allegations contained in paragraph 6.

WHEREFORE, the defendant-in-crossclaim demands that the crossclaim against it be dismissed and that judgment enter for the defendant-in-crossclaim, together with its costs.

### SECOND DEFENSE

And further answering, the defendant-in-crossclaim says that the acts complained of were not committed by a person and/or entity for whose conduct the defendant-in-crossclaim was legally responsible.

### THIRD DEFENSE

And further answering, the defendant-in-crossclaim says that the plaintiff-in-crossclaim was actually negligent, and therefore is barred from recovering against the defendant-in-crossclaim.

### FOURTH DEFENSE

And further answering, the defendant-in-crossclaim says that if the plaintiff-in-crossclaim proves that the defendant-in-crossclaim was negligent as alleged, the plaintiff and/or plaintiff-in-crossclaim were negligent to a greater degree than the defendant-in-crossclaim and are barred from recovery under the theory of Comparative Negligence.

### FIFTH DEFENSE

And further answering, the defendant-in-crossclaim says that the cause of action is barred by reason of the Statute of Limitations.

### SIXTH DEFENSE

And further answering, the defendant-in-crossclaim says that the crossclaim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

### SEVENTH DEFENSE

And further answering, the defendant-in-crossclaim says that the property where the plaintiff was injured was not in the control of the defendant-in-crossclaim at the time of the accident.

### EIGHTH DEFENSE

And further answering, the defendant-in-crossclaim states that it had no duty to the plaintiff and/or plaintiff-in-

crossclaim, wherefore the plaintiff-in-crossclaim is barred from recovery.

### NINTH DEFENSE

And further answering, the defendant-in-crossclaim says that to the extent that it had any obligations to the plaintiff and/or plaintiff-in-crossclaim, such obligations have been fully, completely and properly performed in every respect.

### TENTH DEFENSE

And further answering, the defendant-in-crossclaim says that if the plaintiff and/or plaintiff-in-crossclaim can prove that the subject property was defective and dangerous as alleged, then plaintiff and/or plaintiff-in-crossclaim unreasonably proceeded to use property which they knew to be defective and dangerous, and that conduct was a cause of their injury and/or damage, and the plaintiff-in-crossclaim is therefore barred from recovery.

### ELEVENTH DEFENSE

And further answering, the defendant-in-crossclaim says that the plaintiff-in-crossclaim is barred from any recovery because defendant-in-crossclaim did not have actual knowledge of any alleged defect and/or dangerous condition.

### TWELFTH DEFENSE

And further answering, the defendant-in-crossclaim says that the plaintiff-in-crossclaim is barred from any recovery because any alleged defect and/or dangerous condition was not present long enough for defendant-in-crossclaim to have known of same, and there is no factual basis to support a conclusion that defendant-in-crossclaim should have known of same.

**CROSS-CLAIM OF DEFENDANT SHUSTER CORPORATION V.  CO-DEFENDANT RDA CONSTRUCTION CO. (CONTRIBUTION)**

1. The defendant, Shuster Corp., is a Massachusetts corporation with a place of business in New Bedford, MA.

2. The defendant, RDA Construction Co., upon information and belief is a Massachusetts corporation with a place of business in East Boston, MA.

3. The plaintiff, Mark Bombard, alleges that he was injured on property owned and/or controlled by Shuster Corporation as the result of Shuster Corporation's negligence; allegations denied by Shuster Corporation.

4. RDA Construction Co., which employed the plaintiff, rented space from Southeast Development Co. for the purposes of staging the project on which the plaintiff was working.

5. RDA Construction Co. was responsible for maintaining the work site in a safe condition for its employees.

6. Without waiving the denials or defenses set forth in its Answer to Plaintiff's Complaint and to the Cross-Claim of RDA Construction Co., Shuster Corp. states that if it is proven that Plaintiff was damaged in the manner alleged in his Complaint, which Shuster Corp. does not concede, then the negligence or fault of RDA Construction Co. was the cause of any and all damages sustained by the Plaintiff.

7. Shuster Corp., to the extent it is liable for any of the Plaintiff's alleged damages, will be entitled to contribution from RDA Construction Co. pursuant to M.G.L. c. 231B.

WHEREFORE, Shuster Corp. demands that judgment for contribution enter in its favor against RDA Construction Co.

## CROSS-CLAIM OF DEFENDANT SHUSTER CORP. V. CO-DEFENDANT RDA CONSTRUCTION CO. (INDEMNIFICATION)

8. The defendant re-alleges paragraphs 1-7 above as if fully re-stated herein.

9. Without waiving the denials or defenses set forth in its Answer to Plaintiff's Complaint and to the Defendant RDA Construction Co.'s Cross-Claim, Shuster Corp. states that if it is proven that Plaintiff was damaged in the manner alleged in her Complaint, which Shuster Corp. does not concede, it will have been held liable exclusively due to the acts and/or omissions of RDA Construction Co.

10. Shuster Corp., to the extent it is liable for any of the Plaintiff's alleged damages, will be entitled to indemnification from RDA Construction Co.

WHEREFORE, Shuster Corp. demands that judgment for indemnification enter in its favor against RDA Construction Co.

JURY CLAIM

SHUSTER CORP. HEREBY MAKES CLAIM FOR A TRIAL BY JURY.

By its attorneys,

*Richard J. Shea*
Richard J. Shea
BBO #456310
Megan E. Kures
BBO #652485
MELICK, PORTER & SHEA, LLP
28 State Street
Boston, MA 02109-1775
617-523-6200

CERTIFICATE OF SERVICE

I, Richard J. Shea, hereby certify that on this day, I forwarded notice of the foregoing document(s) by mailing a copy thereof, postage prepaid to the following:

Joseph G. Abromovitz
JOSEPH G. ABROMOVITZ, P.C.
858 Washington Street, 3rd Floor
Dedham, MA 02026

Bertram E. Snyder
Patrick O. McAleer
LOONEY & GROSSMAN, LLP
101 Arch Street
Boston, MA 02110

*Megan E. Kures*
Megan E. Kures

Date: 12-1-05