UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11389 REK

```
*****************************************************
MARK BOMBARD                           *
                                       *
v.                                     *
                                       *
                                       *
SHUSTER CORPORATION,                   *
RDA CONSTRUCTION CO., INC., and        *
SOUTHEAST DEVELOPMENT CO., LLC         *
*****************************************************
```

## PLAINTIFF'S AMENDED COMPLAINT

### The Parties and Jurisdiction

1. The plaintiff, Mark Bombard, at all times material hereto, is/was a resident of Exeter, Rhode Island.

2. The defendant, Shuster Corporation, is a Massachusetts corporation with a usual place of business in New Bedford, Massachusetts.

3. The defendant, Southeast Development Co., LLC, is a Massachusetts corporation with a usual place of business in New Bedford, Massachusetts.

4. At all times material hereto defendant, RDA Construction Co., Inc., was the employer of the plaintiff within the meaning of the Jones Act (46 U.S.C. § 688) and employed the plaintiff as a crewmember of a barge to perform work on navigable waters of the United States.

5.	Jurisdiction of the claim against RDA is based upon a federal statute, the Jones Act. (46 U.S.C. Sec. 688) and the general maritime law; Jurisdiction of the claim against Shuster is based on diversity of citizenship.

## COUNT II
### Mark Bombard v. RDA Construction Co., Inc.

6.	At all times materials the defendant, RDA, had chartered a barge for the purpose of using it as a work platform to construct a tower for NOAA.

7.	Plaintiff is a commercial diver who was employed by RDA to perform work in connection with the mission of said barge and to perform underwater welding once the piles to support the NOAA tower were driven.

8.	That as a Jones Act employer the defendant, RDA, owed the plaintiff a duty to provide him with reasonably safe ingress to and egress from the said vessel.

9.	That on or about August 2, 2002 the defendant breached said duty by failing to provide the Plaintiff with reasonably safe ingress to and egress from the said vessel.

10.	That as a proximate result of said defendant's negligence the Plaintiff was caused severe pain of body and anguish of mind, incurred substantial expenses for medical care and attention, was disabled from performing his usual duties as a diver/welder with a corresponding substantial diminution of earning capacity and was otherwise injured, as will be shown at the trial of this action.

**WHEREFORE** the plaintiff, Mark Bombard, demands judgment against the defendant, RDA Construction, in the amount of $500,000.00 plus interest, costs and attorney's fees.

## COUNT II
## Mark Bombard v. Shuster Corporation

11. On or about August 2, 2002 the Plaintiff was employed to work aboard a barge that was moored off Shuster's Wharf in New Bedford, MA.

12. At all times material hereto Defendant owned and was in control of Shuster's Wharf.

13. That Defendant owed the plaintiff a duty to provide him with reasonably safe ingress to and egress from the said vessel.

14. That the defendant breached said duty by failing to provide the Plaintiff with reasonably safe ingress to and egress from the said vessel.

15. That as a proximate result of said defendant's negligence the Plaintiff was caused severe pain of body and anguish of mind, incurred substantial expenses for medical care and attention, was disabled from performing his usual duties as a diver/welder with a corresponding substantial diminution of earning capacity and was otherwise injured, as will be shown at the trial of this action.

**WHEREFORE** the plaintiff, Mark Bombard, demands judgment against the defendant, Shuster Corporation in the amount of $500,000.00 plus interest, costs and attorney's fees.

## COUNT III
## Mark Bombard v. Southeast Development Corporation, Co., LLC

16. On or about August 2, 2002 the Plaintiff was employed to work aboard a barge that was moored off Shuster's Wharf in New Bedford, MA.

17. At all times material hereto Defendant owned and was in control of Shuster's Wharf.

18. That Defendant owed the plaintiff a duty to provide him with reasonably safe ingress to and egress from the said vessel.

19. That the defendant breached said duty by failing to provide the Plaintiff with reasonably safe ingress to and egress from the said vessel.

20. That as a proximate result of said defendant's negligence the Plaintiff was caused severe pain of body and anguish of mind, incurred substantial expenses for medical care and attention, was disabled from performing his usual duties as a diver/welder with a corresponding substantial diminution of earning capacity and was otherwise injured, as will be shown at the trial of this action.

**WHEREFORE** the plaintiff, Mark Bombard, demands judgment against the defendant, Southeast Development Co., LLC, in the amount of $500,000.00 plus interest, costs and attorney's fees.

THE PLAINTIFF DEMANDS A TRIAL BY JURY ON EACH AND EVERY ISSUE RAISED HEREIN.

Dated:  January 27, 2005

The Plaintiff, Mark Bombard,
By his attorney,
JOSEPH G. ABROMOVITZ, P.C.

s/Joseph G. Abromovitz
_____
Joseph G. Abromovitz
BBO NO. 011420
858 Washington Street, 3rd Floor
Dedham, MA 02026
Phone: (781) 329-1080

## **CERTIFICATE OF SERVICE**

I, Joseph G. Abromovitz, hereby certify that on the 27th day of January, 2006, I served a copy of this document by first class mail, postage prepaid to the following counsel of record:

Megan E. Kures
Melick, Porter & Shea, LLP
28 State Street
Boston, MA 02108-1775

Patrick O. McAleer, Esquire
Looney & Grossman, LLP
101 Arch Street
Boston, MA 02110-1112

                                                    s/Joseph G. Abromovitz
                                                    _____
                                                    Joseph G. Abromovitz