UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
)
MARK BOMBARD,                  )
    Plaintiff              )
                               )
                               )
    v.                     )    CIVIL ACTION
                               )    NO. 05-11389-REK
                               )
SHUSTER CORPORATION, RDA       )
CONSTRUCTION CO., INC., and    )
SOUTHEAST DEVELOPMENT CO.,     )
LLC,                           )
    Defendants             )
_____)

**Memorandum and Order**
February 16, 2006

**I. Pending Matters**

Pending for decision are matters related to the following filing:

(1) Plaintiff's Assented to Motion to Amend Complaint to Add Party Defendant (Docket No. 22, filed January 27, 2006.)

**II. Factual Background and Procedural History**

This is a suit based on the Jones Act, 46 App. U.S.C. § 688 (1984), and general maritime law. On June 30, 2005, the plaintiff, Mark Bombard, filed this suit against the defendants, Shuster Corporation ("Shuster") and RDA Construction Co., Inc. ("RDA"). (Docket No. 1.) RDA hired the plaintiff to be a crewmember of a barge, performing welding work on a NOAA tower on navigable waters of the United States. (Id.)

The plaintiff brings two counts against the defendants. In Count I, the plaintiff

alleges that on August 2, 2002, RDA allegedly failed to provide the plaintiff with reasonably safe ingress to and egress from the vessel he was working on and as a proximate result of RDA's negligence, the plaintiff suffered emotional and physical injuries.  (Id.)  In Count II, the plaintiff alleges that on August 2, 2002, Shuster employed him to work aboard a barge that was moored off Shuster's Wharf in New Bedford, Massachusetts.  (Id.)  According to the plaintiff, Shuster allegedly failed to provide the plaintiff with reasonably safe ingress to and egress from the barge and as a proximate result of Shuster's negligence, the plaintiff suffered emotional and physical injuries.  (Id.)  The plaintiff requests (i) judgment against the defendants, (ii) monetary damages, and (iii) a jury trial.  (Id.)

On August 9, 2005, Shuster filed its answer, denying the plaintiff's allegations and raising twenty-two defenses.  (Docket No. 3.)  Shuster also demands a jury trial.  (Id.)  On October 26, 2005, the plaintiff filed Motion for Entry of Default Against Defendant, RDA Construction, Inc., alleging that RDA had not answered or responded to the plaintiff's complaint.  (Docket No. 8.)  On November 11, 2005, RDA and the plaintiff filed Assented to Motion to Remove Default Against Defendant, RDA Construction Co., Inc. and to Allow It to File Its Attached Answer Late, and RDA also filed its answer at that time.  (Docket Nos. 12, 13.)  RDA's answer denied the plaintiff's allegations, raised nine affirmative defenses and a cross-claim against Shuster, alleging that if RDA is found to be responsible in whole or in part for any damages sustained by the plaintiff, RDA is entitled to full reimbursement from Shuster.  (Docket No. 13.)  RDA requests a jury trial for its answer and its cross-claim.  (Id.)  On November 15, 2005, I allowed RDA's and the plaintiff's assented-to motion.  (Docket No. 14.)

On December 2, 2005, Shuster filed its answer to RDA's cross-claim, denying the

allegations, raising twelve defenses and a cross-claim with two counts against RDA for contribution and indemnification. (Docket No. 15.) On January 9, 2006, RDA filed its answer to Shuster's cross-claims, denying the allegations and raising one affirmative defense. (Docket No. 21.) RDA requests a jury trial for this cross-claim. (Id.) On January 27, 2006, the plaintiff filed Plaintiff's Assented to Motion to Amend Complaint to Add Party Defendant, and also filed its proposed amended complaint at that time. (Docket No. 22, 23.)

### III. Analysis

The plaintiff moves this court to allow him to amend his complaint to add Southeast Development Co., LLC ("Southeast") as a defendant because "discovery to date has disclosed that Southeast...is potentially a joint tortfeasor along with the remaining defendants whose alleged tortious conduct substantially contributed to the injuries sustained by the plaintiff on or about August 2, 2002." (Docket No. 22.) Shuster and RDA assent to this motion. I find that justice requires that the plaintiff amend his complaint to add Southeast as a third defendant.

Rule 15 of the Federal Rules of Civil Procedure governs amended and supplemental pleadings. Specifically, Rule 15 provides that:

> A party may amend the party's pleading once as a matter
> of course at any time before a responsive pleading is
> served....Otherwise a party may amend the party's pleading
> only by leave of court or by written consent if justice so
> requires.

Fed. R. Civ. P. 15(a).

In this case, the plaintiff filed his motion to amend after the defendants had filed their answers. Therefore, the plaintiff can only amend his complaint "if justice so requires."

3

Shuster and RDA both assent to the plaintiff adding Southeast as a defendant, indicating that the plaintiff's complaint does not cause unfair prejudice to them.  Moreover, if discovery thus far has disclosed that Southeast may in fact be a joint tortfeasor in this action, the plaintiff's amendment is not futile.  Therefore, justice requires that I allow the plaintiff's motion to amend, adding Southeast as a defendant, since the amendment is not futile, unfairly prejudicial, or proposed in bad faith.  Cf. Fraioli v. Lemcke, 328 F.Supp. 2d 250, 262 (D.R.I. 2004) (citing Almeida v. United Steelworkers of America Intern. Union, AFL-CIO, 50 F.Supp. 2d 115, 120 (D.R.I. 1999) (stating that "[a] court may deny a motion to amend when the proposed amendments are futile, cause the opposing party unfair prejudice or undue delay, or are proposed in bad faith").

## ORDER

For the foregoing reasons, it is ORDERED:

(1)  Plaintiff's Assented to Motion to Amend Complaint to Add Party Defendant (Docket No. 22) is ALLOWED.

　　　　　　　　　　　　　　　　　　____/s/Robert E. Keeton_____
　　　　　　　　　　　　　　　　　　　　　　Robert E. Keeton
　　　　　　　　　　　　　　　　　　Senior United States District Judge