UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2006 MAR 21  P 12: 44

U.S. DISTRICT COURT
DISTRICT OF MASS.

```
* * * * * * * * * * * * * * *
                              *
MARK BOMBARD,                 *
   Plaintiff,                 *
                              *
vs.                           *    CIVIL ACTION
                              *    No. 05-11389REK
SHUSTER CORPORATION,          *
RDA CONSTRUCTION CO., INC.    *
and SOUTHEAST DEVELOPMENT     *
CO., LLC,                     *
   Defendants.                *
                              *
                              *
* * * * * * * * * * * * * * *
```

### ANSWER, CROSS-CLAIM AND JURY CLAIM OF THE DEFENDANTS, SHUSTER CORPORATION AND SOUTHEAST DEVELOPMENT CO., L.L.P., TO THE PLAINTIFF'S AMENDED COMPLAINT

The defendants, Shuster Corporation and Southeast Development Co., L.L.C. (whose true corporate name is Southeast Development Co., L.L.P.), in the above-captioned matter, hereby make this their answer and cross-claim to the plaintiff's amended complaint.

### FIRST DEFENSE

### The Parties and Jurisdiction

1.  The defendants are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and call upon the plaintiff to prove the same.

2.  The defendants admit the allegations contained in paragraph 2.

3.  The defendant denies the allegations contained in paragraph 3 as phrased. The defendants further state that Southeast Development Co., L.L.P. is a Massachusetts Limited Liability Partnership with a principal office located in New Bedford, Massachusetts.

4. The defendants are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 and call upon the plaintiff to prove the same.

5. Paragraph 5 calls for a legal conclusion and therefore no response is required.

WHEREFORE, the defendants demand that the plaintiff's complaint against them be dismissed and that judgment enter for the defendants, together with their costs.

### COUNT II(sic)
**Mark Bombard v. RDA Construction Co., Inc.**

Paragraphs 6 through 10 of Count II(sic) are not directed to these defendants and therefore do not require a response; however, in the event that these paragraphs are read to be applicable to Shuster Corporation and/or Southeast Development Co., LLC, the defendants deny the allegations contained therein.

### COUNT II
**Mark Bombard v. Shuster Corporation**

11. The defendants are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of Count II and calls upon the plaintiff to prove the same.

12. The defendants deny the allegations contained in paragraph 12 of Count II.

13. The defendants deny the allegations contained in paragraph 13 of Count II.

14. The defendants deny the allegations contained in paragraph 14 of Count II.

15. The defendants deny the allegations contained in paragraph 15 of Count II.

WHEREFORE, the defendants demand that the plaintiff's complaint against them be dismissed and that judgment enter for the defendants, together with their costs.

### COUNT III
**Mark Bombard v. Southeast Development Corporation Co., LLC**

16. The defendants are presently without knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 16 of Count III and calls upon the plaintiff to prove the same.

17. The defendants deny the allegations contained in paragraph 17 of Count III.

18. The defendants deny the allegations contained in paragraph 18 of Count III.

19. The defendants deny the allegations contained in paragraph 19 of Count III.

20. The defendants deny the allegations contained in paragraph 20 of Count III.

WHEREFORE, the defendants demand that the plaintiff's complaint against them be dismissed and that judgment enter for the defendants, together with their costs.

### SECOND DEFENSE

And further answering, the defendants say that the acts complained of were not committed by a person and/or entity for whose conduct the defendants were legally responsible.

### THIRD DEFENSE

And further answering, the defendants say that if the plaintiff proves that the defendants were negligent as alleged, the plaintiff was negligent to a greater degree than the defendants and is barred from recovery under the theory of Comparative Negligence.

### FOURTH DEFENSE

And further answering, the defendants say that the cause of action is barred by reason of the Statute of Limitations.

### FIFTH DEFENSE

And further answering, the defendants say that the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process.

### SIXTH DEFENSE

And further answering, the defendants say that the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

SEVENTH DEFENSE

And further answering, the defendants say that the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, insofar as the plaintiff has failed to give notice of any claim as required by law, and the defendants were thereby prejudiced, wherefore the plaintiff is barred from recovery.

EIGHTH DEFENSE

And further answering, the defendants say that if the plaintiff proves that there was any defect in the subject premises, said defect was open and obvious and the plaintiff is therefore barred from recovery.

NINTH DEFENSE

And further answering, the defendants say that if the plaintiff proves that there was any defect in the subject premises, said defect was de minimis and the plaintiff is therefore barred from recovery.

TENTH DEFENSE

And further answering, the defendants say that the property where the plaintiff was injured was not in the control of the defendants at the time of the accident.

ELEVENTH DEFENSE

And further answering, the defendants state that they had no duty to the plaintiff, wherefore the plaintiff is barred from recovery.

TWELFTH DEFENSE

And further answering, the defendants say that to the extent that they had any obligations to the plaintiff, such obligations have been fully, completely and properly performed in every respect.

THIRTEENTH DEFENSE

And further answering, the defendants say that no notice of the alleged breaches was given the defendants as required by law, and the defendants were thereby prejudiced.

## FOURTEENTH DEFENSE

And further answering, the defendants say that if the plaintiff can prove that the subject property was defective and dangerous as alleged, then plaintiff unreasonably proceeded to use property which he knew to be defective and dangerous, and that conduct was a cause of his injury and/or damage, and he is therefore barred from recovery.

## FIFTEENTH DEFENSE

And further answering, the defendants say that the plaintiff is barred from any recovery because defendants did not have actual knowledge of any alleged defect and/or dangerous condition.

## SIXTEENTH DEFENSE

And further answering, the defendants say that the plaintiff is barred from any recovery because any alleged defect and/or dangerous condition was not present long enough for defendants to have known of same, and there is no factual basis to support a conclusion that defendants should have known of same.

## SEVENTEENTH DEFENSE

And further answering, the defendants say that the plaintiff is barred from recovery as against defendants because defendants did not have a reasonable opportunity to be informed of any alleged defect and/or dangerous condition, or to remedy same.

## EIGHTEENTH DEFENSE

And further answering, the defendants say that the plaintiff's claims for damages against the defendants should be barred insofar as the plaintiff did not mitigate his alleged damages.

## NINETEENTH DEFENSE

And further answering, the defendants say that at the time of his alleged injury, the plaintiff was not a seaman or doing work traditionally reserved to seamen and therefore is not entitled to the benefits of the Jones Act.

## TWENTIETH DEFENSE

And further answering, the defendants say that the subject barge was not a vessel within the meaning of the Jones Act, wherefore the plaintiff is not entitled to recover.

TWENTY-FIRST DEFENSE

And further answering, the defendants say that pursuant to 33 U.S.C. 901, et. Seq., as amended the plaintiff's exclusive remedy is under the Longshoreman's and Harbor Worker's Compensation Act, wherefore, the plaintiff is barred from recovery in this action.

TWENTY-SECOND DEFENSE

And further answering, the defendants say that the subject barge was not in navigable waters at the time of the alleged injury to the plaintiff.

## CROSS-CLAIM OF DEFENDANT SOUTHEAST DEVELOPMENT CO. LLP V. CO-DEFENDANT RDA CONSTRUCTION CO. (CONTRIBUTION)

1. The defendant, Southeast Development Co., LLP, is a Massachusetts limited liability partnership with a place of business in New Bedford, MA.

2. The defendant, RDA Construction Co., upon information and belief is a Massachusetts corporation with a place of business in East Boston, MA.

3. The plaintiff, Mark Bombard, alleges that he was injured on property owned and/or controlled by Southeast Development Co., LLP as the result of its negligence; allegations denied by Southeast Development Co., LLP.

4. RDA Construction Co., which employed the plaintiff, rented space from Southeast Development Co., LLP for the purposes of staging the project on which the plaintiff was working.

5. RDA Construction Co. was responsible for maintaining the work site in a safe condition for its employees.

6. Without waiving the denials or defenses set forth in its Answer to Plaintiff's Amended Complaint, Southeast Development Co, LLP states that if it is proven that Plaintiff was damaged in the manner alleged in his Amended Complaint, which Southeast Development Co., LLP does not concede, then the negligence or fault of RDA Construction Co. was the cause of any and all damages sustained by the Plaintiff.

7. Southeast Development Co., LLP, to the extent it is liable for any of the Plaintiff's alleged damages, will be entitled

to contribution from RDA Construction Co. pursuant to M.G.L. c. 231B.

WHEREFORE, Southeast Development Co., LLP demands that judgment for contribution enter in its favor against RDA Construction Co.

### CROSS-CLAIM OF DEFENDANT SOUTHEAST DEVELOPMENT CO., LLP. V. CO-DEFENDANT RDA CONSTRUCTION CO. (INDEMNIFICATION)

8. The defendant re-alleges paragraphs 1-7 above as if fully re-stated herein.

9. Without waiving the denials or defenses set forth in its Answer to Plaintiff's Amended Complaint, Southeast Development Co., LLP states that if it is proven that Plaintiff was damaged in the manner alleged in his Complaint, which Shuster Corp. does not concede, it will have been held liable exclusively due to the acts and/or omissions of RDA Construction Co.

10. Southeast Development Co., LLP, to the extent it is liable for any of the Plaintiff's alleged damages, will be entitled to indemnification from RDA Construction Co.

WHEREFORE, Southeast Development Co., LLP demands that judgment for indemnification enter in its favor against RDA Construction Co.

### JURY CLAIM

THE DEFENDANTS HEREBY MAKE CLAIM FOR A TRIAL BY JURY.

By their attorneys,

*/s/ Megan E. Kures*

Richard J. Shea
BBO #456310
Megan E. Kures
BBO #652485
MELICK, PORTER & SHEA, LLP
28 State Street
Boston, MA 02109-1775
617-523-6200

Date: March 20, 2006

I hereby certify that I have made service of the foregoing document in accordance with the provisions of Fed. R. Civ. P. 5.