UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARK BOMBARD<br>    Plaintiff<br>v.<br><br>SHUSTER CORPORATION<br>RDA CONSTRUCTION CO., INC.<br>AND SOUTHEAST DEVELPMENT<br>CO., LLP<br>    Defendants | C.A. NO. 05-11389-WGY |

## ANSWER AND CROSS-CLAIM OF DEFENDANT, RDA CONSTRUCTION CO., INC. TO PLAINTIFF'S AMENDED COMPLAINT

### The Parties and Jurisdiction

1. Defendant RDA Construction Co., Inc. ("RDA") is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies same.

2. Defendant RDA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies same.

3. Defendant RDA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies same.

4. Defendant RDA admits only that on occasion it has employed the plaintiff; RDA denies the remaining allegations of paragraph 4.

5. Paragraph 5 states conclusions of law which require no answer. To the extent any answer is required, RDA denies the same.

## COUNT II (SIC)
### Mark Bombard v. RDA Construction Co., Inc.

6. Defendant RDA admits the allegations contained in paragraph 6.

7. Defendant RDA admits only that on occasion it has employed the plaintiff; RDA denies the remaining allegations of paragraph 7.

8. Paragraph 8 states conclusions of law which require no answer. To the extent any answer is required, RDA denies the same.

9. Defendant RDA denies the allegations contained in paragraph 9.

10. Defendant RDA denies the allegations contained in paragraph 10.

## COUNT II
### Mark Bombard v. Shuster Corporation

11-15. This Count is not directed at defendant RDA and requires no answer by defendant RDA to paragraphs 11-15 inclusive. To the extent any answer is required defendant RDA denies said allegations.

## COUNT III
### Mark Bombard v. Southeast Development Co., LLP

16-20. This Count is not directed at defendant RDA and requires no answer by defendant RDA to paragraphs 16-20 inclusive. To the extent any answer is required defendant RDA denies said allegations.

## FIRST AFFIRMATIVE DEFENSE

And answering further as a first separate and affirmative defense, RDA states that if the plaintiff were injured as alleged, which is denied, said injuries were caused or contributed to by the plaintiff's own negligence and, therefore, plaintiff can recover nothing, or, alternatively, any recovery should be reduced by the degree of the plaintiff's own negligence.

**SECOND AFFIRMATIVE DEFENSE**

And answering further as a second separate and affirmative defense, RDA states that that if the plaintiff were injured as alleged, which is denied, said injuries were caused by an act or acts of a third person or persons over whom RDA had no knowledge and over which defendant RDA had no control.

**THIRD AFFIRMATIVE DEFENSE**

And answering further as a third separate and affirmative defense, RDA states that plaintiff's injuries were caused by the willful misconduct of plaintiff for which said defendant is not responsible.

**FOURTH AFFIRMATIVE DEFENSE**

And answering further as a fourth separate and affirmative defense, RDA states that plaintiff's complaint fails to set forth a cause of action against it upon which relief can be granted.

**FIFTH AFFIRMATIVE DEFENSE**

And answering further as a fifth separate and affirmative defense, RDA states that plaintiff has failed to mitigate his damages.

**SIXTH AFFIRMATIVE DEFENSE**

And answering further as a sixth separate and affirmative defense, RDA states that any injury to the plaintiff was caused by an act of God or force majeure.

**SEVENTH AFFIRMATIVE DEFENSE**

And answering further as a seventh separate and affirmative defense, RDA claims the protection of the Limitation of Liability provisions of 46 USC § 181 et seq., and FRCP Rule F

Supplemental Rules for Certain Admiralty and Maritime Claims and seeks exoneration from liability or limitation of any judgment against it pursuant to said provisions.

### EIGHTH AFFIRMATIVE DEFENSE

And answering further as an eighth separate and affirmative defense, RDA states that the plaintiff is estopped from bringing an action under the Jones Act (46 U.S.C. Sec. 688) in that he has filed Workers Compensation claim No. 2679202 with the Commonwealth of Massachusetts Department of Industrial Accidents.

### NINTH AFFIRMATIVE DEFENSE

And answering further as a ninth separate and affirmative defense, RDA states that the plaintiff, by his actions, has waived any claim for injuries against RDA.

### CROSS-CLAIM OF DEFENDANT RDA CONSTRUCTION CO., INC. VS. CO-DEFENDANT SOUTHEAST DEVELOPMENT CO., LLP

1. Defendant, Cross-Claim Plaintiff RDA Construction Co., Inc. ("RDA") is a Massachusetts corporation with its usual place of business in East Boston, Massachusetts.

2. Defendant, Cross-Claim Defendant Southeast Development Co., LLP ("Southeast") upon information and belief is a Massachusetts limited liability partnership with a usual place of business in New Bedford, Massachusetts.

3. Plaintiff Bombard alleges he was injured on or about August 2, 2002 as a result of RDA's negligence. RDA denies any negligence on its part.

4. Plaintiff Bombard was injured on a pier owned, controlled, operated and/or maintained by Cross-Claim Defendant Southeast.

5. If the plaintiff Bombard was injured due to the negligence of any third party, which is denied, it was not the negligence of RDA, but the negligence of Southeast in its

ownership, control, operation and/or maintenance of said pier and by its failure to provide the plaintiff with a proper means of ingress and egress between its pier and moored vessels.

6. If RDA is found to be responsible in whole or in part for any damages sustained by Bombard arising from his fall on August 2, 2002, RDA under the principles of contribution and/or indemnification is entitled to full reimbursement from Southeast, including costs and reasonable attorney's fees, for any sums it is ordered to pay Bombard.

WHEREFORE, Defendant, Cross-Claim Plaintiff RDA prays that Defendant, Cross-Claim Defendant Southeast Development Co., LLP be ordered to reimburse it for any sums it must pay Bombard plus its costs and reasonable attorney's fees.

**DEFENDANT, CROSS-CLAIM PLAINTIFF RDA DEMANDS TRIAL BY JURY AS TO ITS ANSWER AND CROSS-CLAIM.**

RDA CONSTRUCTION CO., INC.

By its attorneys,

 /s/Patrick O. McAleer
Bertram E. Snyder (BBO #471320)
Patrick O. McAleer (BBO #642627)
LOONEY & GROSSMAN, LLP
101 Arch Street
Boston, Massachusetts 02110
(617) 951-2800

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF) and paper copies will be sent to those indicated as non registered participants.

                                  /s/ Patrick O. McAleer
                                  Patrick O. McAleer