UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: NO. 05-11389RBC

MARK BOMBARD,

    PLAINTIFF,

VS.

SHUSTER CORPORATION, SOUTHEAST
DEVELOPMENT, CO. AND
RDA CONSTRUCTION CO., INC.,

    DEFENDANTS.

**DEFENDANTS SHUSTER CORPORATION AND SOUTHEAST
DEVELOPMENT CO.'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed.R.Civ.P. 56, the defendants, Shuster Corporation ("Shuster") and Southeast Development Co.("Southeast"), hereby move for summary judgment on the grounds that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law. Specifically, they assert that:

1) Shuster is entitled to summary judgment because it did not own the property abutting the wharf and owed no duty to the plaintiff.;

2) both Shuster and Southeast are entitled to summary judgment because they did not have a duty to protect the plaintiff from the obvious danger of jumping from the fishing vessel to the dock; and

3) both Shuster and Southeast are entitled to summary judgment because the plaintiff cannot prove proximate cause.

**Statement of Undisputed Facts**

1. Southeast owns the building and property located at 4 Wright Street, New Bedford, Massachusetts. (EX. 5, Deposition of Steven Lewis Shuster, pp. 11-12).

2. Shuster is a manufacturer of bearings that rents space from Southeast. (EX. 5, Deposition of Steven Lewis Shuster, pp. 16-17). As a tenant, it is not involved in dockage. (EX. 5 Deposition of Steven Lewis Shuster, p. 86).

3. Southeast's property is near the New Bedford waterfront. At the harbor, there was a bulkhead, a wall that holds the earth from falling into the harbor. (EX. 5, Deposition of Steven Lewis Shuster, p. 21). Between the bulkhead and the property owned by Southeast, there is a five foot strip of land owned by the City of New Bedford. (EX. 5, Deposition of Steven Lewis Shuster, pp. 21-22).

4. In order to access a vessel moored to the bulkhead, someone would have to cross the property that Southeast owned. (EX. 5, Deposition of Steven Lewis Shuster, p. 41). Southeast charges companies for crossing its property to access vessels. (EX. 5, Deposition of Steven Lewis Shuster, p. 41). Southeast does not provide the physical means to move from the land to the vessel. (EX. 5, Deposition of Steven Lewis Shuster, pp. 44, 47).

5. RDA was "responsible for getting [its] employees on and off the boats or to and from the barge by means of a gangway or another means of safe access." (EX 2, Deposition of Eugene Kelley, p. 43). In other words, it was RDA's responsibility to provide its employees with a safe

2

means of egress and access to and from vessels. (EX 2, Deposition of Eugene Kelley, p. 68). There were many ways to get on and off safely. (EX. 2 Deposition of Eugene Kelley, p. 43).

6. According to James Souza, the RDA superintendent/foreman on the job (Deposition of James Souza pp.10-11), RDA employees would enter and exit the fishing vessel by climbing on scuppers, notches on the sidewall of the vessel that were like a ladder. (EX. 6, Deposition of James Souza, p. 52, 68-69).

7. Using the scupper holes and walking across the fishing vessel was a safe way to access the barge. (EX. 6, Deposition of James Souza, pp. 78-79).

8. The plaintiff testified that he accessed the fishing vessel by walking up a plank; when he used the plank, he was careful and did not have any trouble getting on the vessel. (EX. 3, Deposition of Mark Bombard p. 83).

9. At the time of the accident, the plaintiff was walking from the fishing boat to the wharf. Instead of walking down the plank or using the scuppers, he decided to jump over the side railing onto the wharf. (EX. 3. Deposition of Mark Bombard, pp. 93-94). He put his hands on the railing and swung his legs over the railing to try to minimize the drop time. (EX. 3, Deposition of Mark Bombard, p. 99). As he was in the air, his body spun a little and he planted his right foot first. (EX. 3, Deposition of Mark Bombard, p. 99)

10. By the time of the accident, the tide had risen so that the distance between the railing of the fishing boat and the wharf had increased to six to eight feet. (EX. 3, Deposition of Mark Bombard, pp. 87, 90).

11. The plaintiff knew that jumping from a higher boat height to a lower wharf would not be a safe way to exit the vessel. (EX. 3, Deposition of Mark Bombard, pp. 36, 46-47). He knew that there were "always better means" to exit the vessel. (EX. 3, Deposition of Mark Bombard, pp. 46-47).

12. The plaintiff could have used the scupper holes to access the fishing vessel. (EX. 6, Deposition of James Souza, p.79).

13. No one ever told the plaintiff that going over the railing was an acceptable safe way to access and exit a vessel that was docked at a wharf. (EX. 3, Deposition of Mark Bombard, p. 33).

13. Once the tide rose, the plaintiff did not see anyone else go over the railing and jump from the fishing boat onto the wharf. (EX. 3, Deposition of Mark Bombard, pp. 89-90).

14. The plaintiff made a personal decision to go over the railing and that decision did not depend on the height or angle of the plank. (EX. 3, Deposition of Mark Bombard, p. 93).

15. The plaintiff's co-workers were able to go down the plank between 12 and 24 times without incident, but the plaintiff decided to go over the rail instead of following the route that his co-workers had safely taken. (EX. 3, Deposition of Mark Bombard, pp. 96, 100).

16. The plaintiff admitted that going over the railing "was a stupid thing to do." (EX. 3, Deposition of Mark Bombard, p. 106).

In support of this motion, Shuster and Southeast rely on the following exhibits:

1.  Plaintiff's Amended Complaint

4

2.  Excerpts from Deposition of Eugene Kelly

3.  Excerpts from Deposition of Mark Bombard

4.  Plaintiff's Answers to Defendant, Shuster Corporation's First Set of Interrogatories

5.  Excerpts from Deposition of Steven Lewis Shuster

6.  Excerpts from Deposition of James Souza

                                            Defendants,
                                            Shuster Corporation
                                            Southeast Development, Co., LLC
                                            By its attorneys,

                                            /s/ Jennifer B. Hardy
                                            Richard J. Shea, BBO #456310
                                            Andre Sansoucy, BBO # 441410
                                            Jennifer B. Hardy, BBO #634494
                                            Melick, Porter & Shea, LLP
                                            28 State Street, 22nd Floor
                                            Boston, Massachusetts 02109
                                            Telephone: (617) 523-6200
                                            Facsimile: (617) 523-8130

Dated: April 16, 2007

**Certification Pursuant to Local Rule 7.1**

I, Jennifer Hardy, certify that I conferred with plaintiff's counsel in good faith prior to filing this motion in an attempt to narrow or resolve the issues and was unable to do so.

/s/ Jennifer B. Hardy
Jennifer B. Hardy, Esq.