UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARK BOMBARD )<br>    Plaintiff )<br>v. )<br>  )<br>SHUSTER CORPORATION, )<br>SOUTHEAST DEVELOPMENT CO. )<br>AND RDA CONSTRUCTION CO., INC., )<br>    Defendants )<br>  ) | C.A. NO. 05-11389-RBC |

**RDA CONSTRUCTION CO., INC.'S OPPOSITION TO SHUSTER CORPORATION AND SOUTHEAST DEVELPOMENT CO.'S MOTION FOR SUMMARY JUDGMENT**

**I.    Introduction**

Pursuant to Fed.R.Civ.P. 56 and Local Rules 7.1(B)(2) and 56.1, Co-Defendant RDA Construction Company, Inc., ("RDA") opposes the motion of Co-Defendants Shuster Corporation ("Shuster") and Southeast Development Co., ("Southeast") (collectively "Co-Defendants") for summary judgment.

RDA opposes Shuster and Southeast's motion because there are genuine questions of fact as to: (1) whether RDA's contract for bulkhead wharfage at 4 Wright Street in New Bedford, Massachusetts was entered into with Shuster, Southeast, or both entities, (2) whether Shuster and/or Southeast breached their implied and contractual duties and obligations as a wharfinger[1] under the dockage contract with RDA, (3) whether said breach caused and/or contributed to the injuries allegedly sustained by RDA's employee, Mark Bombard ("Plaintiff") and (4) whether RDA is entitled to indemnification from Shuster and/or Southeast for their breach of implied and contractual duties and obligations as a wharfinger under the dockage contract.

---
[1] Defined as the manager of a wharf or pier.

## II. Statement of Material Facts As To Which There Exists a Genuine Issue To Be Tried:

1. RDA does not dispute the contents of Paragraph 1 of Shuster and Southeast's Statement of Undisputed Facts.

2. With respect to Paragraph 2, RDA does not dispute that Shuster is a manufacturer of bearings and that it rents space from Southeast. However, RDA contests Co-Defendants' contention that Shuster is not involved in dockage in that RDA drafted separate checks payable to Shuster and Southeast respectively. (Ex. 1, Deposition of Steven Shuster, pp. 53-55), (Ex. 2, Deposition of Eugene Kelley, pp. 63-64).

3. RDA does not dispute the statements contained within Paragraph 3. However, a genuine question of material fact exists as to whether Shuster and/or Southeast were granted exclusive control over the five (5) foot strip of land abutting the length of the subject bulkhead. (Ex. 1, Deposition Steven Shuster, pp. 86-87, 91).

4. RDA does not dispute the testimony referenced in Paragraph 4 concerning crossing the property owned by Southeast or the charges to access the property. However, genuine issues of material fact exist concerning the means of access to RDA's vessel, namely, whether Shuster and/or Southeast as a wharfinger breached their implied and contractual duties to RDA to provide dockage directly alongside the bulkhead pursuant to the wharfage agreement, thus altering the means available for ingress and egress to RDA's vessel. (Ex. 2, Deposition of Eugene Kelley, pp. 40-42).

5. RDA disputes the statements contained within Paragraph 5 in that a question of fact exists as to whether or not Shuster and/or Southeast's breach of the wharfage agreement for exclusive use of the bulkhead significantly altered the options for ingress and egress to RDA's

vessel, which in turn caused or contributed to the plaintiff's alleged injuries. (Ex. 2, Deposition of Eugene Kelley, pp. 40-42).

      6.     RDA does not dispute the contents of Paragraph 6.

      7.     RDA does not dispute the contents of Paragraph 7, but contends that had Shuster and/or Southeast not breached their implied and/or contractual obligations as a wharfinger to provide RDA exclusive use of the bulkhead, RDA employees could gain access to the vessel via the anticipated method of gangways.[2] Although specifically requested by RDA, Shuster and/or Southeast, by their breach, did not afford RDA this option. (Ex. 2, Deposition of Eugene Kelley, pp. 40-42).

      8.     RDA does not dispute the testimony cited in Paragraphs 8 through 16.

In addition to the above, the following material facts, which are not in dispute, support the denial of Shuster and Southeast's motion:

      9.     In addition to contracting with Shuster and/or Southeast for wharfage, RDA contracted to utilize the yard adjacent to the wharf in order to "stage" and assemble equipment and materials, namely several 142 foot steel piles to be constructed on sight for craning onto RDA's barge for transport to Martha's Vineyard. (Ex. 3, Deposition of James Souza, pp. 26-27).

      10.    Prior to RDA's barge arriving at the subject wharf, welders had been assembling steel pilings weighing approximately fifteen (15) tons each in Shuster's lot, to be craned onto the barge once assembled. (Ex. 2, Deposition of Eugene Kelley, pp. 40-41), (Ex. 3, Deposition of James Souza, pp. 46-47).

---

[2] In anticipation of docking alongside of the bulkhead RDA had equipped its barge with two (2) aluminum gangways to provide access from the pier to the barge. (Ex. 3, Deposition of James Souza p. 44).

11. RDA had contracted with Shuster and/or Southeast to locate its barge directly alongside the bulkhead in order to specifically accommodate the craning of the staged materials and supplies. (Ex. 2, Deposition of Eugene Kelley, pp. 40-41).

12. When RDA's tug and barge arrived at the subject site there was no other option but to "nest" alongside the two (2) fishing vessels docked alongside the bulkhead. (Ex. 2, Deposition of Eugene Kelley, pp. 40-41).

13. In addition to RDA's staged equipment and the assembled steel piles in Shuster and/or Southeast's yard, RDA was working against a contractual time restraint and a favorable weather window to load and transport the supplies and equipment to Martha's Vineyard. (Ex. 2, Deposition of Eugene Kelley, pp. 29, 35).

14. Representatives of Shuster and/or Southeast were well aware of RDA's operation and its requirement for direct access to the bulkhead. (Ex. 2, Deposition of Eugene Kelley, p. 40).

15. At the time of the alleged incident, Shuster was charging $100.00 per day for exclusive use of the bulkhead and $35.00 per day for nesting alongside vessels tied to the bulkhead. (Ex. 1, Deposition of Steven Shuster, pp. 76-77).

16. Circumstances could arise at Shuster and/or Southeast's wharf where a vessel tied directly to the bulkhead would be moved to accommodate another vessel, "by virtue of the fact that they may need to be in the proximity of the bulkhead line, because maybe they are moving something on or off the vessel." (Ex. 1, Deposition of Steven Shuster, pp. 83-84).

17.   RDA had originally been invoiced $100.00 for use of the bulkhead on the date of the plaintiff's alleged injury. (Ex. 1, Deposition of Steven Shuster, pp. 79-82).

18.   A party would be invoiced for wharfage against the bulkhead only if they had "specifically" requested it. (Ex. 1, Deposition of Steven Shuster, p. 82).

19.   The wharfage contract between RDA and Shuster and/or Southeast was a verbal contract. (Ex. 2, Deposition of Eugene Kelley, p. 20).

In addition to its memorandum of law attached hereto, RDA relies on the following exhibits in support of its opposition:

1.   Excerpts from deposition testimony of Steven Shuster;

2.   Excerpts from deposition testimony of Eugene Kelley;

3.   Excerpts from deposition testimony of James Souza;

4.   Plaintiff's Amended Complaint;

5.   Answer and Cross-Claim of Defendant RDA Construction Co., Inc. to Plaintiff's Complaint; and

6.   Answer and Cross-Claim of Defendant RDA Construction Co., Inc. to Plaintiff's Amended Complaint;

## Request for Hearing Pursuant to Local Rule 7.1(D)

Co-Defendant RDA Construction Co., Inc. Requests that the subject motion for summary judgment be scheduled for oral argument.

WHEREFORE, Defendant RDA Construction Co., Inc. prays that the Court deny the Co-Defendants Shuster Corporation and Southeast Development Co.'s, Motion for Summary Judgment.

RDA CONSTRUCTION CO., INC.<br>
By its attorneys,

May 16, 2007                                        /s/ Patrick O. McAleer
Bertram E. Snyder (BBO #471320)
Patrick O. McAleer (BBO #642627)
LOONEY & GROSSMAN, LLP
101 Arch Street
Boston, Massachusetts 02110
(617) 951-2800

CERTIFICATE OF SERVICE

    I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF) and paper copies will be sent to those indicated as non registered participants.

    /s/ Patrick O. McAleer
    Patrick O. McAleer