UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11389 REK

******************************************************
MARK BOMBARD                              *
                                          *
v.                                        *
                                          *
SHUSTER CORPORATION,                      *
RDA CONSTRUCTION CO., INC., and           *
SOUTHEAST DEVELOPMENT CO., LLC            *
******************************************************

PLAINTIFF'S OPPOSITION TO THE DEFENDANT, SOUTHEAST
DEVELOPMENT CO.'S MOTION FOR SUMMARY JUDGMENT

Now comes the plaintiff, Mark Bombard, who, through his attorney, hereby opposes the defendant, Southeast Development Co.'s motion for summary judgment. In support thereof plaintiff refers this Court to his memorandum of law filled herewith.

PLAINTIFF'S REQUEST FOR ORAL ARGUMENT

Pursuant to Rule 7.1 (D) of the Local Rules of The United States District Court for the District of Massachusetts, the plaintiff hereby requests oral argument.

PLAINTIFF'S STATEMENT OF THE MATERIAL FACTS OF RECORD TO WHICH
THERE EXISTS A GENUINE ISSUE TO BE TRIED

Pursuant to Rule 56.1 of the Local Rules of the United States District Court for the District of Massachusetts, plaintiff states the following:

1.  Whether Southeast agreed to provide dockage of the RDA vessel directly alongside the bulkhead pursuant to the terms of the oral contract executed between the plaintiff's employer, RDA, Construction Co., Inc. ("RDA") , and Southeast Development

Co. ("Southeast"). (Deposition of James Sousa, pp. 20-26, Exh. D.; Deposition of Eugene Kelly, pp. 40-41, Exh. C; Deposition of Steven Shuster, pp. 82-83, Exh. B).

2.      Whether Southeast knew or should have known, that RDA considered said direct dockage to be the major element/purpose of the oral contract. (Deposition of Eugene Kelly, pp. 41, 81, Exh. C; Deposition of James Sousa, pp., 25-26, 41, Exh. D; Depostion of Steven Shuster, pp. 82-83, Exh. B).

3.      Had direct dockage to the bulkhead been provided by Southeast, whether RDA would have utilized a gangway for use by its employees for ingress/egress to the barge. (Deposition of James Sousa, pp. 40-42, 58, Exh. D; Deposition of Eugene Kelly, pp. 41-44, Exh. C; Deposition of Mark Bombard, pp. 52, 54-55, Exh. A).

4.      Whether Southeast's failure to provide direct dockage to the bulkhead precluded RDA from using the gangway it had stored on the barge for use by its employees for ingress/egress to the vessel, and whether said gangway was a safer means of ingress/egress to the vessel than those used by the RDA employees and the plaintiff on the day of the plaintiff's accident. (Deposition of James Sousa, pp. 44, 56-58, Exh. D; Deposition of Mark Bombard, pp. 78, 103, 117, 168, Exh. A).

5.      Whether Southeast is/was "the owner or occupier of a wharf" and therefore a wharfinger.  (Deposition of Steven Shuster, pp. 20-21, 41, 45, 56-57, 76, Exh. B).

PLAINTIFF'S RESPONSE AND OBJECTION TO SOUTHEAST'S<br>STATEMENT OF UNDISPUTED FACTS

1.      No objection.

2.      No objection.

3. No objection.

4. Plaintiff objects to Statement No. 4 to the extent that it is inchoate and misleading relative to the measure of control Southeast had over the bulkhead and the wharf. Accordingly, the plaintiff states that in general, Southeast charges vessel owners for parking space, yard space and dockage. Southeast charges an additional dockage charge when it provides vessel with direct dockage alongside the bulkhead. With such dockage, a vessel is tied directly alongside the bulkhead and Southeast provides "exclusive use of the entire width of the property [thereby closing] any other opportunity for [Southeast] to use that space that's immediately adjacent to [its] property [and] [a]s a result, it commands a premium, so, instead of chrging $35 for ordinary dockage, you charge a [sic] $100 for that [   ] exclusivity." (Deposition of Steven Shuster, pp. 76-77, Exh. B).

5. Plaintiff objects to Statement No. 5. Specifically, that "[t]here were many ways to get on and off [the vessel] safely" is in dispute. The plaintiff further claims that the safest means of getting on and off the vessel, was a gangway, which was precluded by Southeast's negligent failure to carry out its contractual obligation to provide for direct dockage to the bulkhead. (Deposition of James Sousa, pp. 52, 55-56, 60-61, Exh. D; Deposition of Eugene Kelly, p. 58, Exh. C; Deposition of Mark Bombard, pp. 75, 85, 87, Exh. A).

Plaintiff further objects to Statement No. 5 to the extent that it is inchoate and misleading. Accordingly, the plaintiff asserts that, pursuant to the oral contract executed between RDA and Southeast, Southeast was obligated to provide a safe

3

berth/wharf for its vessel and employees, which Southeast disputes. (Deposition of Eugene Kelly, p. 17, Exh. C).

6. 7.    Plaintiff objects to Statement No. 6 and 7. Whether or not scuppers and/or notches on the sidewall of the vessel were utilized by the employees and whether or not they were a safe way to access the barge is in dispute. See, references to No. 5.

8.    Plaintiff objects to Statement No. 8. The plaintiff clearly testified that he considered the plank to be an unsafe means of access to the vessel.

9.    Plaintiff objects to Statement No. 9. Whether or not there were scupper holes as a means of accessing the fishing vessel and whether or not they were used, is in dispute. See, references to No. 5. The plaintiff does not object to the remainder of the Statement.

10.    No objection.

11.    Plaintiff objects to Statement No. 10 to the extent that it is inchoate and misleading. The substance of the plaintiff's testimony is that he did not consider the alternative means of accessing the vessel, an unsecured, narrow plank, without handrails to be safe. (Deposition of Mark Bombard, pp. 78, 103-104, 117, Exh. A). Because of his height, as he was much taller than the other employees, he chose to climb over the rail of the fishing vessel and jump onto the pier and jump off the vessel onto the pier. Id. at p. 103.

12.    Plaintiff objects to Statement No. 11. The plaintiff did not testify that there was or that he considered scupper holes to be an alternative means of accessing the fishing vessel from the pier. See, Bombard Deposition, p. , Exh. A.

13.    Plaintiff objects to Statement No. 12 to the extent it is inchoate and misleading and of no import. While no one told the plaintiff that going over the railing was an acceptable way to access and exit a vessel, no one, including his supervisor, told him it was an unsafe way. (Deposition of James Sousa, pp. 61-66, Exh. D). In fact, his supervisor explained that the plaintiff was taller than the other employees, and that is why he chose to use this method. See, Id.

14.    No objection.

15.    No objection.

16.    No objection

Dated: May 16, 2007

    The Plaintiff, Mark Bombard,
By his attorney,
JOSEPH G. ABROMOVITZ, P.C.

s/Joseph G. Abromovitz

_____
Joseph G. Abromovitz
BBO NO. 011420
858 Washington Street, 3rd Floor
Dedham, MA 02026
Phone: (781) 329-1080

CERTIFICATE OF SERVICE

I, Joseph G. Abromovitz, hereby certify that on the 16th day of May, 2007, I served a copy of this document by first class mail, postage prepaid to the following counsel of record:

Jennifer Hardy, Esquire
Melick, Porter & Shea, LLP
28 State Street
Boston, MA 02108-1775

Patrick O. McAleer, Esquire
Looney & Grossman, LLP
101 Arch Street
Boston, MA 02110-1112

                                                s/Joseph G. Abromovitz
                                                _____
                                                Joseph G. Abromovitz