UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO.: NO. 05-11389RBC

MARK BOMBARD,

      PLAINTIFF,

VS.

SHUSTER CORPORATION, SOUTHEAST
DEVELOPMENT, CO. AND
RDA CONSTRUCTION CO., INC.,

      DEFENDANTS.

**DEFENDANTS SHUSTER CORPORATION AND SOUTHEAST DEVELOPMENT CO.'S REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

**Response to Factual Assertions of Plaintiff and
RDA Construction Co., Inc.**

The briefs submitted by the plaintiff and RDA Construction Co., Inc. ("RDA") make several factual assertions: (1) Southeast Development Co. ("Southeast") agreed to provide RDA with direct access to the bulkhead so that the barge could have been docked directly alongside the bulkhead; (2) Southeast breached this agreement because there were two fishing vessels docked against the bulkhead, and RDA had to cross the fishing vessels in order to access the barge; (3) RDA could not use a gangway to access the barge because of the position of the fishing vessels;

and (4) as a result, RDA employees had to use alternative means to access the barge: using scuppers of the fishing vessel, using a plank, or jumping from the fishing vessel to the dock..[1]

These factual assertions are not material, however. Shuster and Southeast are entitled to summary judgment because the plaintiff chose to exit the vessel by jumping onto the dock six to eight feet below. Shuster and Southeast did not have a duty to protect the plaintiff from this obvious danger. Having voluntarily chosen to use the most dangerous option for exiting the vessel, the plaintiff is not entitled to recover damages for the injuries that resulted.

## Argument

### I. Shuster Is Entitled To Summary Judgment Because It Did Not Own The Property In Question And Had No Agreement With RDA.

The undisputed facts establish that Shuster did not own the property in question and had no agreement with RDA. Indeed, the plaintiff does not oppose Shuster's motion.

RDA opposes Shuster's motion, asserting that some of its checks were sent to Shuster and deposited by that company. In fact, the evidence is undisputed that any payments made to Shuster were made by mistake, and that the proper party was Southeast. *See* RDA EX. 1, Deposition of Stephen Shuster, pp. 53-54; Plaintiff's EX. B, Deposition of James Souza, pp. 23-24.

### II. Shuster And Southeast Are Entitled To Summary Judgment Because They Had No Duty To Protect The Plaintiff From The Obvious Danger Of Jumping From The Vessel Onto The Wharf.

The plaintiff contends that the obvious danger rule only applies to warning claims. (Plaintiff's Brief, pp. 10-11). This contention is inconsistent with Massachusetts law.

---

[1] For purpose of this motion for summary judgment, the evidence most favorable to the plaintiff does support these factual assertions. Shuster and Southeast, of course, do not concede that the assertions are accurate.

Under Massachusetts law, if the danger is obvious, a property owner has neither a duty to eliminate the hazard nor a duty to warn. *See Toubiana v. Priestly,* 402 Mass. 84, 89 (1988); *Young v. Atlantic Richfield Co.,* 400 Mass. 837, 841-843 (1987), *cert. denied,* 484 U.S. 1066 (1988).

The open and obvious rule is not limited to warning claims but extends to other negligence claims as well. Thus, in *Toubiana,* the Supreme Judicial Court held that a building owner was entitled to judgment notwithstanding the verdict on a claim that it had been negligent in providing an allegedly defective elevator and failing to warn of the danger. The plaintiff's decedent was fatally injured while using a freight elevator that had a gap in the ceiling. The decedent was moving a long board that extended through that gap when the board collided with the elevator counterweight, causing a portion of the board or the counterweight to strike the decedent. *Id.* at 85-86. Rejecting the plaintiff's argument that the defendant should have either provided an elevator without a gap in the ceiling or should have warned of the danger, the Supreme Judicial Court reiterated that "a landowner has no duty to protect lawful visitors on his property from risks that would be obvious to persons of average intelligence." *Toubiana,* 402 Mass. at 89. Applying that rule to both the warning claim and the maintenance claim, the court explained that "[p]ersons of ordinary intelligence, although uninformed regarding precisely what machinery and equipment lay beyond the elevator in the shaft, would surely have recognized the reasonable likelihood that a board extended at an angle through the top of a moving elevator would encounter one or more obstacles and, as a result, would be hazardous." *Id.* at 89.

Similarly, in *Young v. Atlantic Richfield Co.,* 400 Mass. 837 (1987), *cert. denied,* 484 U.S. 1066 (1988), the Supreme Judicial Court applied the open and obvious rule to both warning and design claims. The plaintiff's decedent was killed after pumping gas into his mother's car at

a mini-serve station operated by the defendant. Another motorist was backing his car up to an air pump at the station when his vehicle struck the fifteen year old decedent. *Id.* at 839. Rejecting the plaintiff's duty to warn claim, the court concluded that, as a matter of law, the danger of being hit by another vehicle would be obvious to a fifteen year old boy. *Id.* at 842. Rejecting the claim that the defendant was negligent in placing the air pump near the gas pump, the court explained that "the increased possibility of injury which could result from increased traffic is a risk which is obvious and not unreasonable." *Id.* at 843.

Finally, in *Lyon v. Morphew*, 424 Mass. 828 (1997), the Supreme Judicial Court applied the open and obvious rule to a claim that the defendants were negligent in failing to provide fall protection for a worker who fell from the roof of a building. Reiterating that "[t]here is no duty to protect lawful visitors from dangers obvious to persons of ordinary intelligence", *Id.* at 833, the court concluded that "[t]he hazardous nature of ascending a roof is readily apparent to a reasonably intelligent person exercising a minimal care for his own safety. We have never recognized a common law duty of building owners to place or maintain fall protection safety devices on roofs." *Id.* at 834. (footnote omitted).

From *Toubiana, Young* and *Lyon*, it is clear that the open and obvious rule is not limited to warning claims, but extends to other negligence claims as well. Applying the obvious danger rule in this case, the plaintiff cannot recover because the danger of jumping onto the dock was open and obvious. Indeed, the plaintiff admitted that it was a "stupid thing to do." (EX. 3, Deposition of Mark Bombard, p. 106).[2]

---

[2] In this connection, the plaintiff asserts that Southeast's contractual obligations could give rise to a tort duty. It is, however, settled that "failure to perform a contractual obligation is not a tort in the absence of a duty to act apart from the promise made." *See Anderson v. Fox Hill Village Homeowners Corp*, 424 Mass. 365, 368 (1997). Southeast's contractual obligations do not support the plaintiff's claims because Southeast did not have a duty to protect the plaintiff from obvious dangers.

4

The plaintiff contends that he could have used a gangway if RDA had been able to dock the barge directly alongside the bulkhead, but this contention is beside the point. Assuming, *arguendo,* that the plaintiff was unable to use a gangway, nothing compelled the plaintiff to jump from the fishing vessel to the wharf. The plaintiff's own obviously dangerous conduct was the sole proximate cause of his injuries.[3]

**III. The Law Regarding Wharfingers Does Not Support the Plaintiff's Claim.**

The plaintiff and RDA alternatively assert that Southeast or Shuster are liable as wharfingers. This contention is clearly without merit. By definition, a wharfinger is "[t]he owner or occupier of a wharf." Black's Law Dictionary, (6th Edition, p. 1595. It is undisputed that neither Shuster nor Southeast owned the bulkhead; instead, the city of New Bedford owned it. (Plaintiff's EX D Deposition of Steven Shuster, p. 20)  As a result, Shuster and Southeast were not wharfingers. *See* Plaintiff's EX D, Deposition of Steven Shuster, pp. 18-19 (testifying that Southeast is not in charge of a pier and is not a wharfinger).  In any event, even a wharf owner does not have a duty to protect people from obvious dangers. *See Gadowski v. Union Oil Company of Boston,* 326 F.2d 524, 525 (1st Cir. 1964). *See also Pan American Grain Mfg. Co., Inc. v. Puerto Rico Ports Authority,* 295 F.3d 108, 115 (1st Cir. 2002)   (wharfinger's duty "only extends to hidden hazards not reasonably known to the shipowner.").[4]

---

[3] The dispute over whether the plaintiff could have used scupper holes or a plank is not material. *See* Plaintiff's Brief, pp. 11-12. The point is that the plaintiff had at least two alternatives, and he was injured because he chose an obviously dangerous method of leaving the vessel by jumping onto the dock.

[4] The plaintiff's oppositions imply that RDA learned of the configuration of the fishing vessels on the day of the accident. *See* Plaintiff's Memorandum of Law in Support of its Opposition to Defendant, Southeast Development Co. LLC's Motion for Summary Judgment, p. 2  In fact, James Souza of RDA testified that the barge was tied up to the fishing vessels for a week and a half before the accident, and that no employees were injured using the scupper holes to cross the fishing vessel onto the barge. *See* Plaintiff's EX. B, Deposition of James Souza, pp. 30, 72, 82.

5

## Conclusion

For all of the foregoing reasons, as well as the reasons stated in their principal brief, Shuster and Southeast respectfully submit that their motion for summary judgment should be granted.

> Defendants,
> Southeast Development, Co., LLC
> Shuster Corporation
> By their attorneys,
>
> /s/ Jennifer B. Hardy
> Richard J. Shea, BBO #456310
> Andre Sansoucy, BBO # 441410
> Jennifer B. Hardy, BBO #634494
> Melick, Porter & Shea, LLP
> 28 State Street, 22nd Floor
> Boston, Massachusetts 02109
> Telephone: (617) 523-6200
> Facsimile: (617) 523-8130

Dated: May 24, 2007

## **CERTIFICATE OF SERVICE**

I, Jennifer B. Hardy, hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

> /s/ Jennifer B. Hardy
> Jennifer B. Hardy

Date: May 24, 2007